UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TELE-CONS, INC. and )
MICHAEL MOISIN )
 )
 )
Plaintiffs )
v. )
 )
 ) Civil Action No. 04-11497-RCL
GENERAL ELECTRIC COMPANY, and )
THE HOME DEPOT, INC. )
 )
Defendants )

## ANSWER OF THE HOME DEPOT, INC.

The defendant The Home Depot, Inc. ("Home Depot") responds to the allegations in the Complaint as follows:

1. Paragraph 1 states a legal conclusion to which no response is necessary.

2. Paragraph 2 states a legal conclusion to which no response is necessary.

3. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6. Home Depot denies that it is committing acts of patent infringement, but admits the remaining allegations contained in Paragraph 6.

## COUNT I - Infringement

7. Home Depot repeats its responses to Paragraphs 1 through 6 as if set forth herein.

8. Paragraph 8 states a legal conclusion to which no response is necessary.

9. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. To the extent Paragraph 10 refers to Home Depot, that paragraph is denied. Home Depot answers further that it is misnamed as a party, since it does not sell products, including the products at issue herein. To the extent Paragraph 10 refers to defendant General Electric Company, Home Depot is without knowledge or information sufficient to form a belief as to the remaining allegations.

11. To the extent Paragraph 11 refers to Home Depot, that paragraph is denied. Home Depot answers further that it is misnamed as a party, since it does not sell products, including the products at issue herein. To the extent Paragraph 11 refers to defendant General Electric Company, Home Depot is without knowledge or information sufficient to form a belief as to the remaining allegations.

12. To the extent Paragraph 12 refers to Home Depot, that paragraph is denied. Home Depot answers further that it is misnamed as a party, since it does not sell products, including the products at issue herein. To the extent Paragraph 12 refers to defendant General Electric Company, Home Depot is without knowledge or information sufficient to form a belief as to the remaining allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Home Depot does not infringe and has not infringed U.S. Patent No. 5,821,699 ("the '699 patent") either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '699 patent are invalid under the patent laws of the United States and, more particularly, under 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

Tele-Cons, Inc. and Michael Moisin's infringement claims are barred in whole or in part by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Tele-Cons, Inc. and Michael Moisin's damage claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The '699 patent is invalid and unenforceable under 35 U.S.C. §102(a), (b), and/or g).

### SIXTH AFFIRMATIVE DEFENSE

The '699 patent is invalid under 35 U.S.C. §103 because the subject matter of its claims was obvious to one skilled in the art at the time that the claimed inventions were allegedly made.

### SEVENTH AFFIRMATIVE DEFENSE

The '699 patent is invalid for not complying with 35 U.S.C. §112, because the specification for this patent does not contain full, clear, and exact written descriptions of all the elements of the claimed invention, and because the purported invention is not claimed with definiteness.

## EIGHTH AFFIRMATIVE DEFENSE

Home Depot is misnamed as a party defendant as it is not a seller of products, including the products at issue herein.

## COUNTERCLAIM

Home Depot USA, Inc. ("Home Depot USA") hereby counterclaims against Tele-Cons, Inc. and Michael Moisin for a declaratory judgment that the '699 patent is invalid, unenforceable, and not infringed by alleging as follows:

1. This is a counterclaim for declaratory judgment under 35 U.S.C. §§ 2201-2202, brought under 28 U.S.C. §§ 1331 and 1338 and under Rule 13 of the Federal Rules of Civil Procedure.

2. An actual controversy exists between Home Depot USA and Tele-Cons, Inc. and Michael Moisin as to whether the '699 patent is valid and not infringed by any Home Depot product.

3. The claims of the '699 patent are invalid under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and, more particularly, under 35 U.S.C. §§ 102, 103, and/or 112.

4. Home Depot USA does not infringe, and has not infringed, any claim of the '699 patent.

5. Home Depot USA is entitled to a judgment that the claims of the '699 patent are invalid and that Home Depot does not infringe any claim of the '699 patent.

## PRAYER FOR RELIEF

WHEREFORE, Home Depot USA respectfully requests:

A. That the Court dismiss the Complaint with prejudice;

B. That the Court enter judgment declaring the '699 patent invalid;

C. That the Court enter judgment declaring that Home Depot and Home Depot USA do not infringe, and have not infringed, the '699 patent;

D. That the Court declare this an exceptional case under 35 U.S.C. § 285 and award Home Depot and Home Depot USA their costs of this action, including reasonable attorney's fees; and

E. That the Court award Home Depot and Home Depot USA such additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Home Depot USA demands a jury trial of all issues so triable.

Dated: November 18, 2004

THE HOMEM DEPOT, INC. and
HOME DEPOT USA, INC.

Lee Carl Bromberg BBO# 058480
Joel R. Leeman BBO# 292070
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
(617) 443-9292

## CERTIFICATE OF SERVICE

    I certify that I served this document on the above date upon the parties who have appeared to date by mailing a copy to the attorneys of record for plaintiff, Paul D. Durkee, Esq., Daly Crowley & Mofford LLP, 275 Turnpike Street, Suite 101, Canton, MA, 02021-2310; and Christopher S. Walton, Esq., Simon Galasso & Frantz PLC, 115 Wild Basin Road, Suite 107, Austin, TX, 78746.

_____
Joel R. Leeman

2924/501  332312.1