UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-CONS, INC. and<br>MICHAEL MOISIN,<br><br>              *Plaintiffs,*<br>v.<br><br>THE HOME DEPOT, INC.,<br><br>              *Defendants.* | Civil Action No. 04-11497-RCL |

## PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3. "Qualified Persons," as used herein, means:

    a. Attorneys of record and one in-house attorney for each party in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b. Actual or potential independent technical experts or consultants who are not already employed by or associated with a party hereto and have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel

Only" (or "Attorneys' Eyes Only") information to such persons and who have signed a document substantially in the form attached as Exhibit A hereto agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

      c.    The party or party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document substantially in the form attached as Exhibit A hereto agreeing to be bound by the terms of this protective order;

      d.    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony; and

      e.    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4.    Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").  In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

      Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

6.    a.    "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

  b. Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons under Paragraph 3(b) above, shall be maintained only at the offices of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

  c. Each party's outside counsel may maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Persons of Paragraph 3 above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

   a. is in the public domain at the time of disclosure, as evidenced by a written document;

   b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

   c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

   d. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12. Before filing documents containing information designated as Confidential Information and which the filing party seeks to have impounded, the filing party shall comply with Local Rule 7.2 and in addition (i) file a motion for impoundment which provides a general description of the confidential material for which impoundment is sought and statement of reasons justifying impoundment and (ii) file a redacted copy of the documents for which impoundment is sought, along with an unredacted version, marked to indicate the portions for which impoundment is sought.

If the Court allows the motion to impound, the information designated as Confidential Information and subject of the order allowing impoundment shall be filed in accordance with Local Rule 7.2 and placed in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words "CONFIDENTIAL," and "FILED UNDER SEAL" as appropriate and a legend substantially in the following form:

> "This sealed envelope filed in Tele-Cons et al. v. The Home Depot, Inc., Case Number 04-11497 RCL in the United States District Court for the District of Massachusetts, contains information identified as "CONFIDENTIAL" pursuant to the Protective Order herein, and this envelope shall not be opened or the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside."

Upon failure of the filing or lodging party to properly designate Confidential Information and file or lodge such information in accordance with this Protective Order, a producing party who in good faith believes that designation and filing under seal is required may file a motion pursuant to the local rules to do so within five business days of learning of the defective filing or lodging.

13.     Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

14.     Inadvertent production of discovery material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such discovery material, or other documents or communications, written or oral, including without limitation, other communications referred to in the discovery material produced.  Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

15.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

16.     Within sixty days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

SIGNED this _____ day of _____, 2006.

 _____
 UNITED STATES DISTRICT JUDGE

AGREED:

| | |
|---|---|
| HOME DEPOT USA, INC.<br>By its attorneys, | TELE-CONS, INC. and<br>MICHAEL MOISIN |
| /s/ Joel R. Leeman<br>Joel R. Leeman BBO# 292070<br>Lee Carl Bromberg BBO# 058480<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA  02110<br>Tel:  (617) 443-9292<br>Fax:  (617) 443-004<br>jleeman@bromsun.com | /s/ Christopher S. Walton<br>Raymond M. Galasso  (Texas State Bar 42026663)<br>Christopher S. Walton (CA State Bar No. 193611)<br>Simon, Galasso & Frantz PLC<br>6300 Bridgepoint Parkway, Suite 410A<br>Austin, TX 78730<br>Tel.:  (512) 231-1311<br>Fax:  (512) 231-1411<br>cwalton@sgfattorneys.com<br>*Attorneys for Plaintiffs* |

Date:  May 12, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TELE-CONS, INC. and MICHAEL MOISIN, | ) ) ) ) |  |
| *Plaintiffs,* | ) ) | Civil. Action. No. 04-11497-RCL |
| v. | ) ) |  |
| THE HOME DEPOT, INC., | ) ) ) ) |  |
| *Defendants.* | ) ) |  |

**EXHIBIT A**

**UNDERTAKING OF** _____

The undersigned, _____, hereby acknowledges that he/she has read the Protective Order entered in connection with this case, that he/she understands the provisions prohibiting the disclosure or use of Confidential Material for any purpose or in any manner not connected with the prosecution or defense in this case, and that he/she agrees to be bound by all provisions of the aforesaid Protective Order.

The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the undertakings he/she has made herein.

_____

495939.1