UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-CONS, INC. and<br>MICHAEL MOISIN<br><br>            Plaintiffs<br>v.<br><br>GENERAL ELECTRIC COMPANY, and<br>THE HOME DEPOT, INC.<br><br>            Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-11497-RCL<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR RECONSIDERATION OF
## JOINT MOTION TO EXTEND DISCOVERY DEADLINES

The parties ask that the Court extend pretrial deadlines by three months to enable very promising settlement negotiations to proceed through their anticipated stages. As explained below, the parties are currently exploring contract issues, factory inspections and product evaluations that will determine the feasibility of a commercial relationship between the parties.

On July 24, 2006, plaintiffs, Tele-Cons, Inc. and Michael Moisin, and defendant Home Depot USA, Inc. jointly requested that all pending deadlines in this matter, which had been set at the original scheduling conference, be extended by four months in order for the parties to pursue negotiations. (The joint motion is attached at Tab A.) The parties cited serious negotiations that had been underway for several months and appeared likely to be fruitful.

On July 25, 2006, the Court granted the motion but cut in half the requested extension. (The Order appears at Tab B.)  However, events since July support the parties' need for the four-month extension, plus one additional month.

By way of explanation, and in support of this motion:

(1)   The parties are seeking to resolve this patent infringement litigation on terms that would, in principal part, involve Home Depot purchasing products—specifically, compact fluorescent bulbs--from plaintiff Tele-Cons (of which plaintiff Moisin is president).

(2)   The process of qualifying Tele-Cons as a vendor is a lengthy and arduous one for Home Depot.  It entails at least the following activities:

(a)   The parties must complete basic commercial provisions of a contract, relating, for example, to payment terms, scope of insurance coverage, and responsibility for in-store service of products;

(b)   Home Depot must conduct an SER (Social/Environmental Responsibility) Audit of the overseas factory that produces Tele-Cons's bulbs. This involves an inspection of the factory's labor practices, equipment safety, and environmental protocols;

(c)   Home Depot must perform a complete evaluation of the Tele-Cons bulbs themselves to ascertain their compliance with formal standards.

These steps, and others, need to be coordinated not only between the parties but with third-party inspectors and other professionals, both in the U.S. and overseas. While the first and third of these steps are already underway, each step still requires several additional weeks to perform. It is impossible to complete these activities this month, when the Court's fact discovery deadline falls. It is likely that the parties will need November and much of December to complete them. If these activities fail to produce a settlement, the parties will conduct discovery in the ensuing weeks.

(3)   Much potentially needless discovery and motion practice can be avoided if the parties are granted sufficient time to negotiate a settlement based on the above activities. Accordingly, the parties request that the Court extend the deadlines one month beyond those requested in their joint motion of July 24, 2006, as follows:

|  | **Current Deadline:** | **Proposed Deadline:** |
| --- | --- | --- |
| Fact discovery | 10/31/2006 | 1/30/2007 |
| Initial expert disclosure | 11/30/2006 | 2/28/2007 |
| Rebuttal expert disclosure | 12/29/2006 | 3/29/2007 |
| Discovery | 2/28/2007 | 4/28/2007 |
| Claim Construction papers | 3/30/2007 | 5/30/2007 |

WHEREFORE, the parties respectfully request that all pending discovery deadlines be extended for a period of three months and that this Court issue an amended Scheduling Order accordingly.

02924/00501  522113.1

Respectfully submitted,

TELE-CONS, INC. and                         HOME DEPOT USA, INC.
MICHAEL MOISIN                              By its attorneys,

/s/ Christopher S. Walton                   /s/ Joel R. Leeman
Raymond M. Galasso  (Texas State Bar        Joel R. Leeman BBO# 292070
42026663)                                   Lee Carl Bromberg BBO# 058480
Christopher S. Walton (CA State Bar No.      BROMBERG & SUNSTEIN LLP
193611)                                     125 Summer Street
Simon, Galasso & Frantz PLC                 Boston, MA  02110
6300 Bridgepoint Parkway, Suite 410A        Tel: (617) 443-9292
Austin, TX 78730                            Fax: (617) 443-004
Tel.: (512) 231-1311                        jleeman@bromsun.com
Fax: (512) 231-1411
cwalton@sgfattorneys.com

Dated: October 10, 2006

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I hereby certify that on October 5-6, 2006, I conferred with counsel for the

plaintiffs regarding the issues presented by this motion and both parties join in the

motion.

/s/ Joel R. Leeman

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) on October 10, 2006.

/s/ Joel R. Leeman

02924/00501 522113.1