UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TELE-CONS, INC. and<br>MICHAEL MOISIN<br><br>      Plaintiffs<br>v.<br><br>GENERAL ELECTRIC COMPANY, and<br>THE HOME DEPOT, INC.<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11497-RCL<br>)<br>)<br>)<br>)<br>) |

### *CONDITIONAL* MOTION TO COMPEL
### THE HOME DEPOT INC. TO COMPLY WITH DISCOVERY REQUESTS

Plaintiffs, Tele-cons, Inc. and Michael Moisin, through their counsel, hereby respectfully submit this *Conditional* Motion to Compel The Home Depot Inc. (the "Defendant") To Comply With Discovery Requests for reasons set forth in the accompanying memorandum.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *CONDITIONAL* MOTION TO COMPEL THE DEFENDANT TO COMPLY WITH DISCOVERY REQUESTS**

Tele-cons, Inc. and Michael Moisin (the "Plaintiffs"), through their attorneys, hereby respectfully move the Court, to compel The Home Depot Inc. (the "Defendant") to (i) provide responses to Plaintiffs' interrogatories, (ii) produce documents and things pursuant to Plaintiffs' requests for production and (iii) designate a witness and cause such witness to submit to oral examination pursuant to Plaintiffs' 30(b)(6) deposition notice. Plaintiffs respectfully seek the Court's assistance on a conditional basis in the event that the Parties' Joint Motion for Reconsideration filed with the Court on October 10, 2006 is granted in part or denied.

As an initial matter, Plaintiffs are filing this *Conditional* Motion prior to the end of fact discovery on October 31, 2006, as set forth in the Court's order of July 25, 2006, for the purposes of preserving their rights to outstanding discovery. *See Court Docket # 27*.

On May 4, 2006, Plaintiffs served their First Set of Interrogatories, their First Set of Requests for Documents and Things and a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). For the convenience of the Court, these requests are attached hereto as Exhibits A, B and C, respectively. Although Defendant's responses to Plaintiff's interrogatories and requests for production were due on June 6, 2006, it did not serve any responses, make any production or provide a representative for oral examination. Because Defendant did not respond to the discovery requests, the Court should compel Defendant to comply.

The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under Federal Rule of Civil Procedure 33; or (4) respond to a request for inspection submitted under Federal Rule of Civil Procedure 34.  Fed. R. Civ. P. 37(a)(2)(B).  Moreover, discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case.  Fed. R. Civ. P. 26(b).  Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Plaintiffs file this conditional motion because they believe that in the event that the Court grants the Parties' Joint Motion for Reconsideration, which seeks additional time for the parties to complete settlement discussions and activities described in detail in the Joint Motion for Reconsideration, this Motion would be premature and compelling the parties to provide discovery at this time would be unnecessary.

However, in the event that the Court denies the Parties' Joint Motion for Reconsideration, the Court should grant Plaintiff's motion to compel for the following reasons:

- Defendant did not make a designation of an organizational representative under Rule *30(b)(6)*.  Fed. R. Civ. P. 37(a)(2)(B); *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 624 (5th Cir. 1973).

- Defendant did not answer any interrogatories or provide any production of documents and things.  Fed. R. Civ. P. 37(a)(2)(B); *Toma v. City of Weatherford*, 846 F.2d 58, 60 (10th Cir. 1988).  The interrogatories and

3

requests for production propounded by Plaintiffs are within the scope of discovery permitted by Rule 26(b). The information sought by Plaintiffs goes to each of the elements of its case and therefore is necessary to this litigation.

Because Plaintiffs' requests are proper and because Defendant refused to comply with the rules, in the event that the Court denies the Parties' Joint Motion for Reconsideration seeking more time to conduct settlement proceedings, the Court should compel Defendant to respond adequately and provide a witness.

Respectfully submitted,

TELE-CONS, INC. and
MICHAEL MOISIN

/s/ Christopher S. Walton
Raymond M. Galasso  (Texas State Bar 42026663)
Christopher S. Walton (CA State Bar No. 193611)
Simon, Galasso & Frantz PLC
6300 Bridgepoint Parkway, Suite 410A
Austin, TX 78730
Tel.: (512) 231-1311
Fax: (512) 231-1411
cwalton@sgfattorneys.com

Dated: October 31, 2006

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I hereby certify that on October 31, 2006, I conferred with counsel for the defendant regarding the issues presented by this motion and was unable to resolve the matters discussed in the accompanying motion.

/s/ Christopher S. Walton

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 31, 2006.

                                                             /s/ Christopher S. Walton