# EXHIBIT A

Case 1:04-cv-11497-RCL   Document 29-2   Filed 10/31/2006   Page 1 of 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-CONS, INC. and<br><br>MICHAEL MOISIN<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.<br><br>　　　　　　　Defendant. | )<br>) Civ. A. No. 04-11497 RCL<br>)<br>)<br>)<br>)<br>) **PLAINTIFFS TELE-CONS, INC'S AND**<br>) **MICHAEL MOISIN'S FIRST SET OF**<br>) **INTERROGATORIES TO THE HOME**<br>) **DEPOT, INC.**<br>)<br>) |

**PROPOUNDING PARTY:**     PLAINTIFFS TELE-CONS, INC. AND MICHAEL MOISIN

**RESPONDING PARTY:**       DEFENDANT THE HOME DEPOT, INC.

**SET NUMBER:**                   One

Plaintiffs Tele-Cons, Inc. and Michael Moisin (collectively "Tele-Cons") hereby serve upon Defendant The Home Depot, Inc. ("Home Depot") the following interrogatories in accordance with Fed. R. Civ. P. 33. Tele-Cons requests that Home Depot, through a competent officer or agent, serve a written, sworn response to these requests and produce the requested documents at the offices of Simon, Galasso & Frantz, PLC, 6300 Bridgepoint Parkway, Bldg One, Suite 410-A, Austin, Texas 78730, within the time prescribed by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

For the purposes of these Interrogatories, the following definitions and instructions shall apply, regardless of whether upper or lower case letters are used:

　　　　A.　　　　"Accused Product" or "Accused Products" means any compact fluorescent light or

　　　　　　　　　lamp designed, manufactured, distributed, marketed, sold, leased or serviced by

1

|     | |
| --- | --- |
|     | Home Depot since January 1, 1998, and their predecessors and successors, including, but not limited to, the 3-Way CFL Spiral Lamp CBPESL13/20/35T. |
| B.  | "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. |
| C.  | "Any" and "all" shall be construed to mean both any and all. |
| D.  | "Communication" (or any variant thereof) means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any writings memorializing any oral contact such as face-to-face meetings or telephone conversations. |
| E.  | "Defendant," "Home Depot," "you," or "your" means defendant The Home Depot, Inc., including all other persons acting or purporting to act on its behalf, predecessors, successors, parents, subsidiaries, assigns, employees, consultants, agents, entities acting in joint-venture or partnership relationship with Home Depot, representatives, directors, officers, experts, and/or attorneys. |
| F.  | "Document" has the same broad meaning as defined by law, and includes "writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form." Fed. R. Civ. P. 34. The definition of "document" includes all tangible things, electronic files, electronic mail, and all copies or drafts of any document that differ in any way from the original. |
| G.  | The terms "relating to" and "relate to" include, but are not limited to, the following meanings: pertaining to; concerning; discussing; mentioning; containing; reflecting; |

|   |   |
|---|---|
|    | evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced. |
| H. | "Identify," when used with respect to any natural person, means that the following information shall be provided: the person's full name; last known home address; last known business address and telephone number; last known title or occupation; and last known employer. |
| I. | "Identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity. |
| J. | The term "Identify," as applied to a document, means to provide information sufficient to locate the document, including but not limited to: the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the number of pages of which such document consists; the name of each person who signed or authored the document; the name of each addressee; the name of each person having possession, custody, or control of the document; if the document existed at one time, but does not presently exist, the reason why it no longer exists and the identity of the last person having custody of it; and, if the document is in a foreign language, whether an English translation, |

3

whether partial or complete, of the document exists. With the exception of English language translation information relating to foreign language documents, in lieu of providing the foregoing information, you may provide copies of the documents to be identified.

K.  "Identify," as applied to a product, device, or other article means to provide: the designation used internally and any designation used publicly for that product, device, or article, including, but not limited to, product number, product code, product name, and design number.

L.  "Identify," as applied to a process, means to provide: the designation used internally and any designation used publicly for that process, including, but not limited to, process number, process code, and process name.

M.  "Infringe" and "infringement" refer to direct infringement, contributory infringement, inducement, literal infringement, and/or infringement by the doctrine of equivalents.

N.  The "Patent-in-Suit" shall mean shall mean U.S. Patent No. 5,821,699, entitled "Ballast Circuit For Fluorescent Lamps," the patent application and prosecution history thereto, including but not limited to any amendment, continuation, divisional or parent applications.

O.  "Person" refers to any natural person, corporation, partnership, firm, association, joint venture, proprietorship, governmental body, or any other organization or entity and its agents and employees.

P.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

Q.  The singular form of a word should be interpreted in the plural as well.

4

R.  If you cannot answer any interrogatory fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and (1) answer such interrogatory to the extent possible; (2) specify the portion of such interrogatory that you are unable to answer fully, completely, and in detail; and (3) state the reason why such portion cannot be so answered. If your response is qualified in any particular respect, set forth the details of such qualification.

S.  If you object to any subpart of a request for information or object to providing certain information requested, state your objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

T.  If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of the sender and the recipients of the document; the date of the document; a description of the contents or nature of the document; the number of the discovery request or interrogatory to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

U.  If, pursuant to section 33(d) of the Federal Rules of Civil Procedure, you opt to produce documents in lieu of a written response to an interrogatory, indicate for each document provided the number of the interrogatory to which it is responsive. Also, if you invoke this rule and therefore respond by referring to documents, specifically identify the documents by production number.

5

V.  Discovery requests, including these interrogatories, are continuous in nature and, pursuant to Federal Rules of Civil Procedure 33, you are under a duty to seasonably amend any prior response to an interrogatory or request for production if you learn that the response is in some material aspect incomplete or incorrect.

W.  To the extent that requests for information involve the identification of documents, you must identify all responsive documents (no matter where the documents are located), including all documents in your possession, custody, or control, and including any documents contained in any personal files of your present or past employees.

X.  Unless otherwise indicated, these discovery requests cover the period from January 1, 1998 to the present.

## INTERROGATORIES

### INTERROGATORY NO. 1.

Please Identify the name, address and location of the entities involved in the research and development, manufacture, sale, distribution, marketing and promotion of the Accused Products in the United States.

### INTERROGATORY NO. 2.

Please Identify the three most knowledgeable individuals (whether or not employed by you) about each of the following subjects: (i) the subjects listed above in Interrogatory No. 1, (ii) revenues, costs, expenses, profits, net profits and/or net losses associated with the sale of the Accused Products and the accounting method of allocating fixed and variable costs to the Accused Products, and (iii) any tests, studies, comparisons, analyses, or reports, in any form, involving the claims of the Patent-in-Suit or the Accused Products;

### INTERROGATORY NO. 3.

State with respect to the Patent-in-Suit whether you or anyone on your behalf has performed, undertaken or conducted any analysis of the Patent-in-Suit to determine whether any product or Accused Product designed, manufactured, distributed, marketed, sold, leased or serviced by you infringed the Patent-in-Suit in any way and if yes, please state the date of the analysis, the purpose of the analysis, the name and address of any current or former employee who participated in or directed such analysis, and identify the person employed by Home Depot who is most knowledgeable with respect to the analysis.

### INTERROGATORY NO. 4.

Identify and describe any Communications, either written or oral, that allege or discuss Tele-Cons, Infringement of the Patent-in-Suit, or question or challenge the validity or enforceability of the Patent-in-Suit.

### INTERROGATORY NO. 5.

Please state whether any patent or other prior art search has been conducted by you or on your behalf regarding the subject matter of the Patent-in-Suit, identifying specifically for each search and identify the Person(s) who requested and/or conducted the search, the date of the search, the date and recipients of the search, and the Documents and things collected during the search.

### INTERROGATORY NO. 6.

Please Identify all product brochures, specifications, user manuals, reference manuals, user instructions, installation guides, sales manuals, training manuals and the like, for Accused Products.

### INTERROGATORY NO. 7.

For each of the Accused Products, for the period of January 1, 1998 to the present please state (i) the annual and total revenues, costs, expenses, profits, net profits and/or net losses for each Accused

Product, (ii) the accounting method of allocating fixed and variable costs to the Accused Products, (iii) the annual dollar value and unit quantity of your production, importation and United States sales of each Accused Product (or production, importation and/or sales on your behalf) and (iv) whether you have paid or collected royalty rates for any patent related to the Accused Products at any time since January 1, 1998 and if so, provide the amount of the royalty paid or collected.

### INTERROGATORY NO. 8.

Please provide all factual and legal bases and evidence for any contention that the asserted claims of the Patent-in-Suit are invalid under any of 35 U.S.C. §§ 101, 102, 103, 112 and/or under any other theory, Identify all Persons with knowledge or information relevant to any such contentions, and Identify all Documents that relate to any such contentions.

### INTERROGATORY NO. 9.

If you contend that the Accused Products do not Infringe (directly or indirectly, literally or under the doctrine of equivalents) any claim of the Patent-in-Suit, state the full basis for your contention, Identify all Persons with knowledge or information relevant to such contention, Identify all Documents that relate to this contention and state in detail any analysis conducted that forms the basis for such contention.

### INTERROGATORY NO. 10.

Please provide all factual and legal bases and evidence for your contentions in the Affirmative Defenses and Counterclaims sections of Home Depot's Answer to Tele-Cons' complaint.

### INTERROGATORY NO. 11.

State what you contend is the meaning of each claim term or element for the Claims of the Patent-in-Suit and for each such claim term or element identify all intrinsic evidence that you contend supports

8

your interpretation, including a description of where in the Patent-in-Suit or its file history Home Depot finds support for its interpretation, and, if you contend extrinsic evidence is required to interpret a claim term or element, identify all extrinsic evidence that you contend supports your interpretation of the claim term or element.

### INTERROGATORY NO. 12.

Please identify each Person you expect to call as a witness at trial, and for each such person Identify the subject matter upon which the witness is expected to testify.

### INTERROGATORY NO. 13.

Please Identify each and every Document referred to or used to assist you in answering these interrogatories, and state the specific interrogatory for which the Document was utilized.

May 4, 2006                                Respectfully submitted,

**TELE-CONS, INC. and
MICHAEL MOISIN**

By: _____
Raymond M. Galasso, Esq.* (Texas State Bar No. 24026663)
Christopher S. Walton, Esq.* (CA State Bar No. 193611)
SIMON, GALASSO & FRANTZ PLC
6300 Bridgepoint Parkway, Bldg One, Suite 410-A
Austin, TX 78730
(512) 231-1311 (telephone)
(512) 23-1411 (facsimile)

*Attorneys for Plaintiffs Tele-Cons, Inc. and
Michael Moisin*

* Admitted *Pro Hac Vice*

CERTIFICATE OF SERVICE

I, Christopher S. Walton, hereby certify that copies of the foregoing were caused to be served on the following date in the manner indicated:

UNITED STATES MAIL POSTAGE PREPAID

Lee Carl Bromberg
Joel R. Leeman
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110

May 4, 2006                        Christopher S. Walton