# EXHIBIT B

Case 1:04-cv-11497-RCL   Document 29-3   Filed 10/31/2006   Page 1 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-CONS, INC. and<br><br>MICHAEL MOISIN<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.<br><br>　　　　　Defendant. | Civ. A. No. 04-11497 RCL<br><br>**PLAINTIFFS TELE-CONS, INC'S AND MICHAEL MOISIN'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO THE HOME DEPOT, INC.** |

**PROPOUNDING PARTY:**   PLAINTIFFS TELE-CONS, INC. AND MICHAEL MOISIN

**RESPONDING PARTY:**    DEFENDANT THE HOME DEPOT, INC.

**SET NUMBER:**           One

Plaintiffs Tele-Cons, Inc. and Michael Moisin (collectively "Tele-Cons") hereby propound the following Requests for the Production of Documents and Things ("RFPD") to Defendant The Home Depot, Inc. ("Home Depot") pursuant to Fed. R. Civ. P. 26 and 34. These requests are to be answered separately and fully, in writing, within thirty (30) days of the date of service in accordance with the Federal Rules of Civil Procedure and also in accordance with the Instructions and Definitions set forth below. All responsive documents and other tangible things which are within Defendant's possession, custody or control, must be produced for examination and copying at the offices of Simon, Galasso & Frantz, PLC, 6300 Bridgepoint Parkway, Building One, Suite 410A, Austin, Texas 78730, within thirty (30) days of the date of service of these requests.

## I. INSTRUCTIONS

A. In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, any documents you produce in response to these requests shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

B. In responding to these RFPDs, you must make a diligent search of your records, papers and other materials and documents in your possession or available to you or your representatives. If you cannot obtain the records or information or documents necessary to respond to an RFPD, your answer to that RFPD should set forth the circumstances which prevent you from answering and what has been or is being done to obtain the document requested.

C. Where documents in your possession, custody or control are requested, the request extends to documents in the possession, custody or control of your predecessors and/or successors, as well as to documents in the possession of your subsidiaries, related entities, officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys.

D. If you object to one of the requests set forth below, you must, in accordance with Rule 34(b) of the Federal Rules of Civil Procedure, state the reasons for your objection and respond to the extent the request is not objectionable. All grounds for your objections must be stated with specificity, including all factual and legal justifications that you believe support your objection or refusal to produce documents.

E. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any objection is made to any request herein based on the attorney-client privilege or the work product rule, and such privilege is asserted to avoid disclosing the requested information or materials, you must describe the information or materials withheld and the privilege relied on in sufficient detail to enable Tele-Cons to assess the applicability of the privilege. Such details shall include:

     i. A description of the allegedly privileged communication withheld;

     ii. A list of the persons present during or participating in the allegedly privileged communication, or author(s) and recipient(s) of the information or materials withheld;

     iii. The date of the allegedly privileged communication withheld;

     iv. The subject matter of the allegedly privileged communication withheld;

     v. The type of privileged communication withheld (e.g., letter, memorandum or computer database);

     vi. The nature of the privilege(s) claimed; and

     vii. The paragraph(s) of these discovery requests to which the allegedly privileged communication relates.

The detail provided must be sufficient for Tele-Cons to appropriately identify the information as would be required for Tele-Cons to test the claim of privilege on a motion to compel.

    F.    If you previously had documents responsive to a request for production, but no longer have said documents, please explain the circumstances that led to the loss of the information (e.g., departure of knowledgeable employee, destruction or loss of documents) where the loss of the information was due to departure of an employee, please identify the employee, and identify the nature of the responsive information the employee is likely to have.

    G.    Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

    H.    All documents and things produced in response to these RFPDs shall be produced in total, notwithstanding the fact that portions thereof may contain information not requested. All documents and things produced in response to these RFPDs shall be produced

along with any and all attachments and/or enclosures as have ever been attached to and/or enclosed with the document at any time.

I.      If any of the documents to be produced in response to this RFPD cannot be produced in full, you are to produce them to the fullest extent possible and describe in detail every reason for any failure or inability to produce the remainder of the document and stating whatever information, knowledge, or belief you have concerning the portion of the document that is not produced.

J.      These RFPDs are submitted for the purpose of discovery and are not to be taken as waiving any objections that may be made at trial or any hearing to the introduction of evidence on subjects covered by these RFPDs or as an admission of the relevance or materiality at trial of any of the matters covered by these RFPDs.

K.      These requests shall be considered continuing, and you are to supplement your responses and production of documents in a timely manner in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

II.     DEFINITIONS

As used in the following requests for production, the following terms have the meanings set forth below:

A.      "Defendant," "Home Depot," "you," or "your" means defendant The Home Depot, Inc., including all other persons acting or purporting to act on its behalf, predecessors, successors, parents, subsidiaries, assigns, employees, consultants, agents, entities acting in joint-venture or partnership relationship with Home Depot, representatives, directors, officers, experts, and/or attorneys.

B.      "Document" and its plural shall refer to anything that would be a "writing" or "recording," as defined in Rule 1001(1) of the Federal Rules of Evidence, or a "document," as

defined in Rule 34(a) of the Federal Rules of Civil Procedure, and refers to any kind of handwritten, typewritten, printed or recorded material whatsoever, including, without limitation: (1) all written, printed, recorded, graphic, or sound reproductions, however produced, including but not limited to correspondence, memoranda, notes, telegrams, notebooks, diaries, desk calendars, charts, photographs, and records of any kind; (2) all computer-readable data compilations, including but not limited to tapes, diskettes, card, cassettes, electronic mail, and all other electronic or mechanical devices which contain information; (3) all originals, drafts, and copies that differ in any respect from the original; all marginal comments that appear on such documents; and all transcripts or recordings of such documents; and (4) all attachments, enclosures, or documents affixed or referred to in such documents.

    C.    The term "thing" shall mean all tangible objects of any type, composition, construction or nature.

    D.    The term "person" or "persons" shall include both natural persons and corporate or other business entities, whether or not in your employ, and the acts and knowledge of that person are defined to include the acts and knowledge of that person's officers, directors, members, employees, representatives, servants, agents, and attorneys.

    E.    The terms "relating to" or "relates" are used in their customary broad sense, and by way of example and not by way of limitation include referring to, reflecting, comprising, concerning, containing, demonstrating, mentioning, discussing, describing, and identifying. A document relating to a particular subject includes, without limitation, documents concerning the preparation of other documents and document drafts.

    F.    "Communication" (or any variant thereof) means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters,

5

memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any writings memorializing any oral contact such as face-to-face meetings or telephone conversations.

G.  "Complaint" shall mean the Complaint filed in the above-captioned proceeding, including all amendments and supplements.

H.  "Proceeding" shall mean Civil Action No. 04-11497 RCL in the United States District Court for the District of Massachusetts.

I.  "Patent-in-Suit" shall mean shall mean U.S. Patent No. 5,821,699, entitled "Ballast Circuit For Fluorescent Lamps," the patent application and prosecution history thereto, including but not limited to any amendment, continuation, divisional or parent applications.

J.  "Prior Art" shall be construed in accordance with the meaning given that term in Title 35 of the United States Code, and interpretations thereof provided by the federal judiciary. This includes but is not limited to all publications, patents, physical devices, prototypes, uses, sales, offers for sale or other activity relating to the subject matter disclosed or claimed in the Patent-in-Suit and existing on, or occurring on any date as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

K.  "Accused Product" or "Accused Products" means any compact fluorescent light or lamp designed, manufactured, distributed, marketed, sold, leased or serviced by Home Depot since January 1, 1998, and their predecessors and successors, including, but not limited to, the 3-Way CFL Spiral Lamp CBPESL13/20/35T.

L.  "Any" and "all" shall be construed to mean both any and all.

M.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

N.  The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

6

O.   The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

P.   Unless otherwise indicated, these requests for production cover the period from 1998 to the present.

### III.   DOCUMENT AND THINGS REQUESTS

Please produce the following:

**REQUEST FOR PRODUCTION NUMBER 1.** Please produce all documents and things identified or relied upon in your response to Tele-Cons' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NUMBER 2.** Please produce all documents and things identified or relied upon in your answer to the Complaint.

**REQUEST FOR PRODUCTION NUMBER 3.** Please produce all charts or documents listing, containing, describing or relating to the names, titles and/or job responsibilities of any your employees or consultants, including but not limited to engineers, mathematicians and technicians, who were involved in the conception, design, development, structure, testing, implementation, operation, marketing, sale or repair of Accused Products.

**REQUEST FOR PRODUCTION NUMBER 4.** Please produce all documents and things relating to Home Depot's board composition, management composition, share or other equity ownership, material debt or other material credit relationships, inter-company arrangements and understandings.

**REQUEST FOR PRODUCTION NUMBER 5.** Please produce all documents containing, describing or relating to the Patent-in-Suit, including, but not limited to, enforceability searches, infringement searches and prior art searches.

**REQUEST FOR PRODUCTION NUMBER 6.** Please produce all documents comprising any written or oral communication that refer to Tele-Cons.

**REQUEST FOR PRODUCTION NUMBER 7.** Please produce all documents comprising any written or oral communication that refer to the Proceeding.

**REQUEST FOR PRODUCTION NUMBER 8.** Please produce documents sufficient to identify each Accused Product developed, manufactured, imported or sold by you.

**REQUEST FOR PRODUCTION NUMBER 9.** Please produce all written notebooks, development or meeting notes, worksheets, binders, calendars, diaries, memos or other documents authored or received by any or all of your employees and consultants relating to the conceptions funding, design, development, structure, testing, implementation, operation or repair of Accused Products.

**REQUEST FOR PRODUCTION NUMBER 10.** Please produce all specifications, descriptive information or other documents relating to the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 11.** Please produce all schematics, descriptions and other documents relevant to the design or function of the Accused Products.

8

**REQUEST FOR PRODUCTION NUMBER 12.** Please produce all documents describing or relating to the structure, function and operation of the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 13.** Please produce all documents, including but not limited to flow charts, that describe, illustrate or depict the sequence and/or theory of all operations of the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 14.** Please produce all documents, including but not limited to manufacturing drawings, charts, circuit diagrams, blue prints, schematics, functional requirements, engineering specifications, design specifications, product test specifications, parts specifications, assembly specifications or other documents containing, describing or relating to specifications for the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 15.** Please produce all articles, speeches, presentations or interviews that have been written or given by any employee, officer, director or other representative of you that refer or relate to the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 16.** Please produce all brochures, advertisements, press releases, price lists, customer manuals, user manuals, service manuals, technical manuals, reference manuals and other marketing and promotional materials containing, describing or relating to the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 17.** Please produce all certifications, standards and protocols complied with or utilized or employed by your Accused Products.

**REQUEST FOR PRODUCTION NUMBER 18.** Please produce all documents containing, describing or relating to pricing decisions, sales forecasts, manufacturing strategies, import strategies, product strategies, projected sales, actual sales and sales support of the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 19.** Please produce all documents which contain, describe or relate to the number of units of the Accused Products manufactured, imported and sold on a monthly or annual basis.

**REQUEST FOR PRODUCTION NUMBER 20.** Please produce all documents containing describing or relating to the gross dollar sales, allowances, discounts, or net dollar sales of the Accused Products on a monthly or annual basis.

**REQUEST FOR PRODUCTION NUMBER 21.** Please produce documents that evidence the date of the first sale of the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 22.** Please produce all documents containing, describing or relating to research and development, as well as the costs associated therewith of any potential substitute or non-infringing alternative to the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 23.** Please produce all memoranda, correspondence, bulletins, guides, instructions, newsletters or other documents which have been distributed or made available to or received from your distributors, re-sellers, dealers or customers relating to the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 24.** Please produce all minutes of meetings, notes, memoranda or other documents generated by, prepared for, reviewed by or received by your executive directors, managing directors, officers and/or board of directors kept by any such individuals which refer or relate in any way to infringement, validity or enforceability of the Patent-in-Suit, Tele-Cons and/or to the decision to commercialize the Accused Products.

**REQUEST FOR PRODUCTION NUMBER 25.** A copy of each of your document retention policies in effect at any time from and after 1998.

May 4, 2006                                  Respectfully submitted,

TELE-CONS, INC. and
MICHAEL MOISIN

By:_____
Raymond M. Galasso, Esq.* (Texas State Bar No. 24026663)
Christopher S. Walton, Esq.* (CA State Bar No. 193611)
SIMON, GALASSO & FRANTZ PLC
6300 Bridgepoint Parkway, Bldg One, Suite 410-A
Austin, TX 78730
(512) 231-1311 (telephone)
(512) 23-1411 (facsimile)

*Attorneys for Plaintiffs Tele-Cons, Inc. and Michael Moisin*

\* Admitted *Pro Hac Vice*

11

CERTIFICATE OF SERVICE

I, Christopher S. Walton, hereby certify that copies of the foregoing were caused to be served on the following date in the manner indicated:

UNITED STATES MAIL POSTAGE PREPAID

Lee Carl Bromberg
Joel R. Leeman
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110

May 4, 2006                                         Christopher S. Walton

12