# EXHIBIT C

Raymond M. Galasso
Christopher S. Walton
SIMON, GALASSO & FRANTZ, PLC
6300 Bridgepoint, Building One, Suite 410A
Austin, TX 78730
(512) 231-1311

Attorneys for Plaintiff
TELE-CONS, INC. AND
MICHAEL MOISON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-CONS, INC. and | ) |
| | ) Civ. A. No. 04-11497 RCL |
| MICHAEL MOISIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) **PLAINTIFFS TELE-CONS, INC.'S AND** |
| v. | ) **MICHAEL MOISIN'S 30(b)(6) DEPOSITION** |
| | ) **NOTICE TO HOME DEPOT, INC.** |
| THE HOME DEPOT, INC. | ) |
| | ) |
| Defendant. | ) |

**TO THE HOME DEPOT, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Tele-Cons, Inc. and Michael Moison (collectively "Tele-Cons") will take the deposition upon oral examination of Defendant The Home Depot, Inc. ("Home Depot") in the above-captioned matter. The deposition shall commence on Wednesday, June 21, 2006 at 9:30 a.m. at the law offices of Hunton & Williams, LLP, Bank of America Plaza, Suite 4100, 600 Peachtree Street, NE, Atlanta, Georgia 30308-2216.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Home Depot shall designate one or more officers, directors, agents, employees or other persons who have

knowledge of and will to testify on behalf of Home Depot with respect to the subjects specified in attached Schedule A.  The designee(s) shall testify to matters known or reasonably available to Home Depot.  The deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded by a stenographer and/or by videotape.  The deposition shall continue from day to day until completed.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, two business days prior to the date for the deposition the designated deponent(s) is requested to produce documents and things indicated in attached Schedule B, that have not already been produced as previously requested by document request to Home Depot and as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Dated:  May 4, 2006

_____
Raymond M. Galasso
Christopher S. Walton
SIMON, GALASSO & FRANTZ, PLC
6300 Bridgepoint, Building One, Suite 410A
Austin, TX 78730
(512) 231-1311 (telephone)

Attorneys for TELE-CONS, INC AND
MICHAEL MOISON

## DEFINITIONS AND INSTRUCTIONS

A.      "Any" shall be understood to include and encompass "all."

B.      "Home Depot" means defendant Home Depot, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys and all other persons and entities representing or acting on its behalf.

C.      "Tele-Cons" means plaintiff Michael Moison and Tele-Cons, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys and all other persons and entities representing or acting on its behalf, wherever located

D.      The singular as used herein shall include the plural and vice-versa.

E.      All terms shall be construed both disjunctively and conjunctively as necessary in order to bring within the scope of each request that which might otherwise be construed to be outside the scope.

F.      "Including" means "including but not limited to."

G.      "Person" means any individual, corporation, partnership, joint venture, organization, or any other entity of any nature.

H.      "Home Depot Products" refers to any compact fluorescent light or lamp designed, manufactured, distributed, marketed, sold, leased or serviced by Home Depot since January 1, 1998, and their predecessors and successors, including, but not limited to, the 3-Way CFL Spiral CBPESL13/20/35T.

I.      "Patent" means U.S. Patent No. 5,821,699.

J.      "Document" means, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing or record of every type, form, and description that is in the possession, custody, or control of the responding

party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, including, by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports and or summaries of interviews; reports and or summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports and or summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks and or scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any document; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy or any other storage or recording medium.

    K.    "Relate," "Relates" or "Relating to" mean constituting, comprising, concerning, mentioning, indicating, disclosing, discussing, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

L.	If Home Depot declines to respond to any category outlined in schedules A and B based on a claim of privilege or any other claim, state each privilege claimed, state the grounds for assertion of privilege, and describe the information withheld in a manner sufficient under Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## SCHEDULE A

1. The founding, operation, board composition, management composition, share or other equity ownership of Home Depot.

2. The initial conception, design, development, manufacturing and commercialization of the Home Depot Products and any documents related thereto.

3. The sequence or theory of all operations of the Home Depot Products and any documents related thereto.

4. Any specifications relating to the design or operation of the Home Depot Products and all documents related thereto.

5. Gross sales, net sales, gross profits and net profits of the Home Depot Products, and any document related thereto

6. Home Depot's defenses asserted in its Answer in this matter, including the basis (legal and factual) for and the subject matter of Home Depot's entire Answer, and any document related thereto.

7. Home Depot's counterclaims asserted in its Answer in this matter.

8. Home Depot's evidence that any products manufactured, distributed, marketed and/or sold by or on behalf of Home Depot or at its request infringe or do not infringe the Patent, including Home Depot's contentions regarding such infringement or non-infringement and any document related thereto.

9. The facts and circumstances concerning Home Depot's first awareness of the Patent and all activities related thereto, including, but not limited to, all actions taken by Home Depot after learning of the Patent, and any analysis, investigation of the Patent or testing of any Home Depot Products and all documents related thereto.

10. The U.S. market for compact fluorescent lights, including but not limited to those sold by Home Depot.

11. Any communications with any third party relating to the Patent, Tele-Cons or this litigation including any documents, persons and dates relevant thereto.

12. Any and all opinions, reports, studies, analyses, or search results, written or oral, obtained by Home Depot, on its behalf, or at its request referring or relating to the validity, enforceability, and/or infringement of the Patent, or referring or related to Tele-Cons or this litigation.

13. Home Depot's record retention policy, including, but not limited to, Home Depot's procedures and facilities for generating, maintaining and disposing or records, including in such description the title, nature and frequency of any reports you prepare regarding these activities.

## SCHEDULE B

1. All documents that relate to the initial conception, design, development, manufacturing and commercialization of the Home Depot Products.

2. All documents that relate to the sequence or theory of all operations of the Home Depot Products.

3. All specifications relating to the design or operation of the Home Depot Products.

4. All documents that relate to the gross sales, net sales, gross profits and net profits of the Home Depot Products.

5. All documents that relate to Home Depot's defenses asserted in its Answer in this matter, including the basis (legal and factual) for and the subject matter of Home Depot's entire Answer.

6. All documents that relate to Home Depot's counterclaims asserted in its Answer in this matter.

7. All documents that relate to the Home Depot's evidence that any products manufactured, distributed, marketed and/or sold by or on behalf of Home Depot or at its request infringe or do not infringe the Patent, including Home Depot's contentions regarding such infringement or non-infringement.

8. All documents that relate to the facts and circumstances concerning Home Depot's first awareness of the Patent and all activities related thereto, including, but not limited to, all actions taken by Home Depot after learning of the Patent, and any analysis, investigation of the Patent or testing of any Home Depot Products.

9. All documents that relate to the U.S. market for compact fluorescent lights, including but not limited to those sold by Home Depot.

10. All documents that relate to any communications with any third party relating to the Patent, Tele-Cons and this litigation.

11. All documents that relate to any opinions, reports, studies, analyses, or search results, written or oral, obtained by Home Depot, on its behalf, or at its request referring or relating to the validity, enforceability, and/or infringement of the Patent, or referring or related to Tele-Cons or this litigation.

12. All documents that relate to the Home Depot's record retention policy, including, but not limited to, Home Depot's procedures and facilities for generating, maintaining and disposing or records.

## CERTIFICATE OF SERVICE

I, Christopher S. Walton, hereby certify that copies of the foregoing were caused to be served on the following date in the manner indicated:

UNITED STATES MAIL POSTAGE PREPAID

Lee Carl Bromberg
Joel R. Leeman
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110

May 4, 2006                                Christopher S. Walton